1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10
                                ----oo0oo----
11

12   ADAM HEGGEN, an individual,        No. 2:21-cv-107 WBS SCR

13
                    Plaintiff,
14
          v.
15
     HEAVENLY VALLEY, Limited
16   Partnership, and DOES 1 THROUGH
     10, inclusive,
17
                    Defendants.         ORDER RELATING CASES
18

19

20   ANNA GIBSON and ZACHARIAH SAIZ-
     HAWES on behalf of themselves
21   and all those similarly
     situated,
22
                    Plaintiffs,
23                                       No. 2:21-cv-1260 WBS SCR
          v.
24
     THE VAIL CORPORATION D/B/A VAIL
25   RESORTS MANAGEMENT COMPANY and
     DOES 1 THROUGH 100, inclusive,
26
                    Defendants.
27

28
                                    1

1

2

3    CHRISTOPHER HAMILTON, as an
     individual and on behalf of all
4    others similarly situated,

5                    Plaintiff,                    No. 2:21-cv-1608 WBS SCR

6          v.

7    HEAVENLY VALLEY, LIMITED
     PARTNERSHIP, a Nevada limited
8    partnership, and DOES 1 through
     50, inclusive,

9                    Defendants.

10

11

12

13

14   PAUL GREG ROBERDS, individually
     and on behalf of all others
15   similarly situated,

16                   Plaintiffs,

17         v.                                      No. 2:21-cv-2251 WBS SCR

18   THE VAIL CORPORATION WHICH WILL
     DO BUSINESS IN CALIFORNIA AS
19   VAIL RESORTS MANAGEMENT
     COMPANY, a Colorado
20   Corporation; HEAVENLY VALLEY,
     LIMITED PARTNERSHIP, a Nevada
21   Limited Partnership; and DOES
     1-50, inclusive, THE VAIL
22   CORPORATION D/B/A VAIL RESORTS
     MANAGEMENT COMPANY and DOES 1
23   THROUGH 100, inclusive,

24                   Defendants.

25

26

27

28

                                   2

1
2   ASHLEY SANCHEZ, an individual
    on behalf of herself and all
3   others similarly situated,

4          Plaintiff,                              No. 2:25-cv-1259 WBS CKD

5          v.

6   VAIL RESORTS MANAGEMENT
    COMPANY, a Colorado
7   corporation; TRIMONT LAND
    COMPANY, a California
8   corporation; VAIL RESORTS,
    INC., a business entity of
9   unknown form; THE VAIL
    CORPORATION; a business entity
10  of unknown form; and DOES 1
    through 50, inclusive,
11
           Defendants.
12

13

14                          ----oo0oo----

15          The court previously related cases <u>Heggen v. Heavenly</u>

16  <u>Valley, Limited Partnership</u>, 2:21-cv-107 WBS SCR; <u>Gibson v. Vail</u>

17  <u>Corp.</u>, No. 2:21-cv-1260 WBS SCR, <u>Hamilton v. Heavenly Valley,</u>

18  <u>Limited Partnership</u>, 2:21-cv-01608 WBS SCR, and <u>Roberds v. Vail</u>

19  <u>Corporation</u>, 2:21-cv-2251 WBS SCR.  (Docket Nos. 9, 15 in Case

20  No. 2:21-cv-107 WBS SCR.)[1]  The court now finds that the instant

21  case, <u>Sanchez v. Vail Resorts Management Co.</u>, 2:25-cv-1259 WBS

22  CKD, is also related within the meaning of Local Rule 123(a),

23  because these cases are brought by overlapping groups of

24  employees alleging similar California Labor Code violations

25  against the Vail Corporation and its related entities.

26

27          [1]    These cases were previously assigned to Magistrate
    Judge Deborah Barnes but were reassigned to Magistrate Judge Sean
28  C. Riordan after he was appointed to the bench of this court.

1    Accordingly, the assignment of these matters to the same judge is

2    likely to effect a substantial saving of judicial effort and is

3    also likely to be convenient for the parties.

4         The parties should be aware that relating the cases

5    under Local Rule 123 merely has the result that all actions are

6    assigned to the same judge; no consolidation of the actions is

7    effected.  Under the regular practice of this court, related

8    cases are generally assigned to the judge and magistrate judge to

9    whom the first filed action was assigned.

10        IT IS THEREFORE ORDERED that the actions denominated

11   Heggen v. Heavenly Valley, Limited Partnership, 2:21-cv-107 WBS

12   SCR; Gibson v. Vail Corp., No. 2:21-cv-1260 WBS SCR; Hamilton v.

13   Heavenly Valley, Limited Partnership, 2:21-cv-1608 WBS SCR,

14   Roberds v. Vail Corporation, 2:21-cv-2251 WBS SCR be, and Sanchez

15   v. Vail Resorts Management Co., 2:25-cv-1259 WBS CKD, be, and the

16   same hereby are, deemed related.  The case denominated Sanchez v.

17   Vail Resorts Management Co., 2:25-cv-1259 WBS CKD, shall remain

18   assigned to Judge William B. Shubb but will be reassigned to

19   Magistrate Judge Sean C. Riordan for any duties to be performed

20   under Local Rule 302.  Henceforth, the captions on documents

21   filed in the reassigned case shall be shown as Sanchez v. Vail

22   Resorts Management Co., 2:25-cv-1259 WBS SCR.

23   Dated: May 15, 2025

24   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

25

26

27

28

4